**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4221**

_____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

VIENGKHAM VILAISANE, a/k/a Keal,

                              Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Joseph R. Goodwin,
District Judge.  (2:05-cr-00182-2)

_____

Submitted:  January 30, 2008        Decided:  February 29, 2008

_____

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Deirdre H. Purdy, Chloe, West Virginia, for Appellant.  Erik S.
Goes, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Viengkham Vilaisane appeals his conviction and 210-month sentence after pleading guilty to conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000). Vilaisane's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but asks this court to review whether the district court erred by imposing offense-level enhancements for Vilaisane's role as an organizer or leader and for possession of a dangerous weapon in connection with the distribution of narcotics. Vilaisane was given an opportunity to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

Following United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). A court must initially calculate the appropriate guidelines range, making any appropriate factual findings. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The court then considers the resulting advisory guidelines range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and determines an appropriate sentence. Gall v. United States, 128 S. Ct. 586, 596 (2007); Davenport, 445 F.3d at 370. This court will affirm a post-Booker sentence if it

is within the statutorily prescribed range and is reasonable. Hughes, 401 F.3d at 546-47. A sentence within the properly calculated guidelines range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see Rita v. United States, 127 S. Ct. 2456 (2007).

In assessing a challenge to a sentencing court's application of the sentencing guidelines, this court reviews a district court's factual findings for clear error and its legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006). Under USSG § 2D1.1(b)(1) (2007), a two-level offense level enhancement shall be imposed if a dangerous weapon, including a firearm, was possessed during the narcotics offense. The adjustment is applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1) cmt. n.3. In order to demonstrate that a weapon was present, the Government need show only that "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." United States v. McAllister, 272 F.3d 228, 233-34 (4th Cir. 2001) (internal quotation marks and citation omitted).

At the sentencing hearing, Vilaisane contended that the firearms found in a closet at his home by police were not loaded and were used for hunting, that the testimony provided by a government informant was not credible, and that there was no

evidence that weapons were used or brandished during any drug activity. However, Vilaisane did not dispute that there was a handgun in his rental car during an attempt to collect $200,000 in methamphetamine proceeds from a government informant.[1] Furthermore, the multiple firearms found by police in Vilaisane's residence were located next to two digital scales, a vacuum sealer, and used plastic bags.[2] Based on this evidence, it is clear that Vilaisane had constructive possession of the firearm in his rental car at the time of his arrest. See United States v. Gallimore, 247 F.3d 134, 137 (4th Cir. 2001). Additionally, the proximity of the weapons to the drug paraphernalia found at Vilaisane's residence indicates that those firearms were also connected to the drug conspiracy. See McAllister, 272 F.3d at 233-34. Therefore, we find the district court did not err in finding that Vilaisane possessed a dangerous weapon in relation to the underlying drug trafficking offense.

Pursuant to USSG § 3B1.1(c) (2007), a defendant qualifies for a two-level offense level enhancement if he was an "organizer, leader, manager, or supervisor" in any criminal activity that did not involve five or more participants and was not otherwise

---

[1]The government informant indicated that Vilaisane and his brothers had all been armed during their prior drug transactions.

[2]According to the government informant, Vilaisane would deliver the methamphetamine in vacuum-sealed plastic bags. A white residue found on the vacuum sealer and the scales tested positive for methamphetamine.

extensive. Factors distinguishing a leadership or organizational role from lesser roles include exercise of decision making authority, the nature of the participation in the offense, recruitment of accomplices, the claimed right to a larger share of the proceeds, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised. USSG § 3B1.1, cmt. n.4. For a role adjustment to be given because a defendant was a leader, the defendant must have controlled others. See United States v. Carter, 300 F.3d 415, 426 (4th Cir. 2002).

At the sentencing hearing, Vilaisane contended that the government informant was in fact the "leader" of the organization, as Vilaisane was not the original supplier but rather took over that role at a later time. Additionally, Vilaisane noted that he would front the drugs to the informant and be repaid later, which he characterized as a "fairly unusual situation" for the leader of a drug organization. However, at the very least, Vilaisane held a leadership or managerial role as to his brothers, who also were involved in transporting methamphetamine. Following the arrest of the government informant's initial supplier, Vilaisane took over the role of procuring the required methamphetamine and organizing the transactions with the informant. After recruiting his brothers and involving them in the operation, it was Vilaisane who would personally receive the payments from the drug sales and distribute

the proceeds with his brothers. Based on Vilaisane's critical role in the conspiracy, the recruitment and involvement of his brothers in the transactions, and his high level of control over the entire enterprise, we find that the district court did not err in finding that Vilaisane was a leader or organizer of the underlying drug conspiracy.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Vilaisane's conviction and sentence. This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>